UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH JACQUET<br>    LA. DOC #118386 | CIVIL ACTION NO. 6:12-cv-0403 |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| WARDEN LYNN COOPER | MAGISTRATE JUDGE C. MICHAEL HILL |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Joseph Jacquet on February 10, 2012.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana.  Petitioner attacks his 1993 armed robbery conviction, entered in the 16th Judicial District Court for St. Martin Parish, Louisiana, for which he is serving a sixty year sentence.

LAW AND ANALYSIS

This Court's records demonstrate that petitioner has filed at least two prior federal petitions for writ of *habeas corpus* in which he attacked this same conviction.  *Joseph Jacquet v. Warden, Avoyelles Corrections Center*, Civil Action No. 6:10-cv-1931  (W.D. La. 2010) and *Joseph Jacquet v. Warden Lynn Cooper*, Civil Action No. 6:11-cv-2134 (W.D. La. 2011).[1]

---

[1]Petitioner filed another action in this court on December 10, 2008, which was stricken from the record on February 18, 2009, as well as additional Motions thereafter in 2011 which were denied by the undersigned, the first of which was also dismissed by the Fifth Circuit on appeal. *Joseph Jacquet v. Warden, Avoyelles Corrections Center*, Civil Action No. 6:08-cv-1935  (W.D. La. 2008); *Jacquet v. Lynn*

The first petition was denied and dismissed with prejudice on April 11, 2011 because the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In that petition, although somewhat unclear, it appeared that petitioner raised various claims including the following: (1) insufficiency of the evidence; (2) that his trial was unfair; (3) that felons were allowed to serve on his jury; and, (4) that the district attorney acted improperly. Petitioner did not appeal this Court's adverse ruling.

The second petition was found to constitute a second or successive petition filed without first obtaining authorization from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A). Accordingly, on February 29, 2012, the petition was transferred to the United States Court of Appeals for the Fifth Circuit. Thereafter, the Fifth Circuit ordered petitioner to file a Motion for Authorization. [*See* rec. doc. 11]. Petitioner failed to comply with the Court's Order.

Accordingly, on April 12, 2012, the Fifth Circuit denied authorization for petitioner file his successive *habeas* petition. *See In re: Joseph Jacquet*, No. 12-30233 (5th Cir. 2012). Like his first petition, the second petition again raised numerous claims including: (1) no probable cause to detain petitioner; (2) improper jury composed of felons and police officers; (3) prosecutorial misconduct; (4) insufficiency of the evidence; (5) that the State improperly refused to introduce his statement into evidence and refused

---

*Cooper, Warden*, No. 11-30465 (5th Cir. 2011). Jacquet also filed an action on August 25, 2011, seeking review of the Louisiana court's refusal to provide post-conviction DNA testing, which was dismissed with prejudice on December 20, 2011. *Joseph Jacquet v. Warden Lynn Cooper*, Civil Action No. 6:11-cv-1586 (W.D. La. 2011).

to allow him to testify at trial; (6) misrepresentation by defense counsel; (7) improper use of the defendant's statement by the prosecution; and (8) that his sentence was excessive.

On February 10, 2012, petitioner filed the instant federal petition alleging the following claims for relief: (1) that the he was denied due process when his motion to suppress was withdrawn by his trial attorney; (2) that his sentence is excessive; and, (3) that his sentence was imposed without consideration of either aggravating or mitigating circumstances as required by the Louisiana Sentencing Guidelines or La. C.Cr.P. art. 894.1.

This is, at least, Jacquet's third federal *habeas corpus* petition filed in this court.[2] Petitioner again attacks the same conviction that was the subject of his previous petitions. AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a § 2254 petition should be considered second or successive for purposes of § 2244.

A prisoner's petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* Thus, the provision has been described as "modified

---

[2]*See* fn. 1, *supra.*

*res judicata* rule" which bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir. 2000). Such claims are deemed second or successive. *Id.*

The Fifth Circuit has also held that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested that the focus of the inquiry is whether, in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." Petitioner's excessive sentence claim was raised in his second prior petition. Moreover, the remaining claims raised herein could have been raised in the previous petitions – the complained of actions occurred before petitioner's 1993 trial and 1994 sentencing. Furthermore, petitioner's first federal *habeas corpus* petition, Civil Action No. 6:10-1931, was dismissed with prejudice as time-barred by the provisions of 28 U.S.C. § 2244(d).

Although a dismissal based on the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition,

4

such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA.[3] Hence, Jacquet's third petition, presently before this Court, is unquestionably second and successive.

Before this petition may be considered by this Court, petitioner is required to obtain authorization to file this second or successive § 2254 petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

---

[3] *See In re Flowers*, 595 F.3d 204, 205 (5th Cir.2009) (*per curiam*); *Barrow v. Cain,* 2007 WL 1035023, *2 (W.D. La. 2007) *citing Villanueva v. United States,* 346 F.3d 55, 61 (2nd Cir. 2003), *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005), *Guyton v. United States,* 23 Fed. Appx. 539, 540 (7th Cir. 2001) (dismissal of a *habeas* petition "because the district court determined, albeit erroneously, that it was not filed within the applicable statute of limitations . . . operates to dispose of the case on the merits as much as an erroneous finding that a petitioner had failed to state an element of a claim."), *Gray v. Dretke*, 2005 WL 1768750, *2 (S.D. Tex. 2005), *United States v. Casas,* 2001 WL 1002511, at *2 (N.D. Ill. 2001) (holding that the dismissal of a prior federal petition under the statute of limitation is "akin to a dismissal on the merits, and thus bars a subsequent petition" unless authorized by the court of appeals), *Reyes v. Vaughn*, 276 F. Supp.2d 1027, 1029 (C.D. Cal. 2003) (holding that a previous dismissal based on the statute of limitations "is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under AEDPA.") and *United States v. Harris*, 2002 WL 31859440, *3 (E.D. Pa. 2002) ("the term 'second or successive petition'. . .whose post-AEDPA meaning by necessity includes habeas petitions by defendants whose initial petitions were dismissed on statute of limitations grounds."); *Lee v. Cain,* 2007 WL 2446123 (W.D. La. 2007); *Middleton v. Cain,* 2007 WL 2081003, *2 (W.D. La. 2007); *Cate v. Ayers,* 2001 WL 1729214, at *3-4 (E.D. Cal. 2001) ("[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim" and "operates as a final judgment on the merits" thus, holding that a petition for federal *habeas corpus* relief was successive within the meaning of section 2244(b) because the petitioner previously had filed a federal petition that was dismissed as untimely). *See also Plaut v. Spendthrift Farm,* 514 U.S. 211, 228, 115 S.Ct. 1447, 1457, 131 L.Ed.2d 328 (1995) *citing United States v. Oppenheimer,* 242 U.S. 85, 87-88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits."); *Mathis v. Laird,* 457 F.2d 926, 927 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972) ("A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes."); *In re Marino,* 181 F.3d 1142, 1144 (9th Cir. 1999) (same).

the application."

The record does not show that petitioner has received such authorization. Until such time as petitioner obtains authorization, this Court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This Court is not required to transfer this second and successive *habeas* petition to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Although some district courts have taken this route, it is not mandatory. In *In Re Epps,* 127 F.3d 364 (5th Cir. 1997) the Fifth Circuit addressed the appropriate procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the circuit court is appropriate. The *Epps* opinion does not contain a directive to the district courts to transfer successive *habeas corpus* petitions to it, although utilization of this procedure may be appropriate in some cases. Rather, the opinion merely adopts a procedure to be used when a successive petition filed without prior authorization is transferred to that court. *Id*.

In the instant case, petitioner's second prior petition was transferred to the Fifth Circuit in accordance with the procedure outlined in *In Re Epps*. Thus, it is clear that petitioner has been given the opportunity to seek proper authorization from the Fifth Circuit to present his claims to this Court. However, rather than follow the procedural prerequisites to filing in this Court, petitioner instead failed to comply with the statutory

6

approval process, and then attempted to circumvent these procedures by filing a third federal *habeas corpus* petition directly in this Court.  In light of petitioner's previous filing in this Court, petitioner should have been aware that this Court cannot review his claims unless and until appropriate authorization from the Fifth Circuit has been obtained. Accordingly, the undersigned concludes that the appropriate action for this Court to take is to dismiss this action due to petitioner's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals.

The law is clear that this Court cannot entertain the merits of this petition without authorization from the Fifth Circuit as mandated by 28 U.S.C. § 2244(b)(3)(A). The record fails to show that petitioner has received such authorization from the Fifth Circuit. Therefore;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. §2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 9th day of May, 2012.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE